HOUSTON, Justice
(concurring in the result, but disagreeing with part of the rationale).
Section 5-19-31(b), Ala.Code 1975, provides in pertinent part:
*899 “(b) This chapter [Chapter 19] shall not. be construed to amend or repeal, without limitation, ... Section 8-8-5-”
Section 5-19-4, Ala.Code 1975, is part of Chapter 19; therefore, § 8-8-5 is not “amended” by § 5-19-4. The per curiam opinion has § 5-19-4 amend § 8-8-5, in violation of the Legislature’s plain, unambiguous language. When language is ambiguous and must be construed to ascertain its meaning, we should construe; but, whether the statute’s language is plain or ambiguous, we should never legislate. The Legislature has more than once said what it meant. See 1989 Acts of Alabama, Act No. 89-541, § 2 (“Nothing in this chapter [Chapter 19] shall be construed to amend or repeal ... § 8-8-5 _”); 1988 Acts of Alabama, Act No. 88-87, § 2 (“The provisions of this section ... shall not in any way repeal, amend or modify the provisions of Section 8-8-5, Code of Alabama 1975, as amended.”).
In Williams v. E.F. Hutton Mortgage Corp., 555 So.2d 158, 160 (Ala.1989), Justice Almon wrote for the Court: “Alabama Code 1975, § 8-8-5(a), allows persons to agree to pay such a rate of interest as they may determine, provided that the original principal balance of the loan is not less than $2,000 _” Excepting only the application of un-conscionability law (which was not applicable in Williams and is not applicable in the present case), “ § 8-8-5 exempts such loans from the application of ‘any law of this state otherwise prescribing or limiting [the] rate or rates of interest’ paid on such loans.” Id.
Section 8-8-5(c) provides: “The term ‘interest’ as used herein shall include all direct or indirect charges imposed as an incident to a loan, forbearance of money, or credit sales.”
MADDOX, J., concurs.